### JACK WALKER v. THE STATE.

PRACTICE. — BILLS OF EXCEPTION taken to the exclusion of evidence should disclose everything necessary to exhibit the relevancy and materiality of the excluded proof. Inferences will not be indulged to supply the omission of such matters. See the illustration in the present case.

APPEAL from the District Court of Johnson. Tried below before the Hon. J. ABBOTT.

The opinion sufficiently discloses the case.

*W. Poindexter*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. Under an indictment for theft of a cow, appellant was found guilty and his punishment affixed at a fine of $250.

The court very properly, in the second portion of the

charge, as part of the law applicable to the case made by the evidence, submitted to the jury the issue as to whether the animal was wilfully taken into possession by defendant and driven or removed from its accustomed range without the consent of, and with intent to defraud the owner. This portion of the charge is complained of, but when it is compared with it, will be found almost a literal copy of the statute. 2 Pasc. Dig., art. 6549.

Of the numerous errors complained of in the assignment of errors, and so forcibly argued in the able brief of counsel for appellant, we select the one most urgently insisted upon, and really the most plausible, as the only one requiring special notice or discussion. This same question is presented in more than one of the bills of exceptions, but always in the same manner. In substance it may be stated thus: Defendant asked his witnesses, when on the stand, to state the object and purpose for which the herd of cattle in which the stolen cow was driven off, were gathered in Johnson and driven to Bosque County. Upon objection by the State, the evidence was excluded by the court as irrelevant. So far as we can see from the recitals in bill of exceptions, the ruling of the court was correct. It is insisted, however, in the brief of counsel, that the evidence, if admitted, would have established that defendant, as agent of his father, went to Johnson County to collect up his father's cattle running there upon the range, and with the purpose of driving them to his home in Bosque County, in order that they might there brand the calves, take out the beeves, and then drive the remainder of the stock back to their accustomed range in Johnson; and that this proof would have tended strongly to negative, if it did not entirely negative, a fraudulent intent on the part of the defendant in driving the cow to Bosque with the herd.

Unfortunately for this theory, the bills of exception do not sustain it. It is not stated in the bills that he proposed to prove such facts, nor indeed any specific facts. The

proposition is, simply, that he asked the witnesses what was "the object and purpose for which the cattle were gathered and driven to Bosque County." So general a question could not, without further explanation, apprise the lower court of the pertinency or relevancy of the evidence, and, as was held, the evidence to all appearances was irrelevant to the issue before the court. No one can tell from the exceptions, as they are presented in the record, that it was expected to prove any such matters as those stated in the brief; any other matter might be inferred as well, from what is stated. But inferences cannot and will not be indulged to supply omissions in bills of exception. It is the duty of those seeking to avail themselves of the supposed errors reserved, to make the bill so full and certain in its statements as that, in and of itself, it will disclose all that is necessary to manifest the supposed error. Taking the bills of exception alone as the criteria by which to determine the matter, we cannot say that the action of the court in excluding the evidence was erroneous.

The question of fraudulent intent was very fully and fairly submitted in the charge given the jury, and no necessity is perceived why the requested instructions, even as far as they were legal and applicable, should in addition have been given.

The evidence is sufficient to warrant the jury in the conclusion they have expressed in their verdict, and we see no occasion to disturb the judgment, which is therefore affirmed.

*Affirmed.*